■ MANUEL H., an Infant, by His Mother and Natural Guardian, REYNA V., Appellant, v ELLEN LANDSBERGER, M.D., et al., Respondents. [29 NYS3d 319]—

Judgment, Supreme Court, Bronx County (Douglas E. Mc-Keon, J.), entered January 16, 2014, which, to the extent appealed from as limited by the briefs, dismissed plaintiff's medical malpractice cause of action as against defendants Ellen Landsberger, M.D., Mary Rosser, M.D., University Hospital of the Albert Einstein College of Medicine, and Montefiore Medical Center at the Jack Weller Hospital of Albert Einstein College of Medicine, and bringing up for review an order, same court and Justice, entered January 13, 2014, which, inter alia, granted defendants' motion for summary judgment dismissing the complaint to the aforementioned extent, unanimously affirmed, without costs. Appeals from order, same court and Justice, entered December 23, 2014, which, upon granting plaintiff's motion for reargument, adhered to the order entered January 13, 2014, unanimously dismissed, without costs, as academic.

Plaintiff alleges that defendants failed to assess the mother to determine the existence of fetopelvic disproportion in order to determine whether vaginal delivery was safe prior to inducing labor with Pitocin. Plaintiff further alleges that defendants departed from accepted medical practices in failing to timely perform a C-section, which resulted in forcing the fetus through the pelvis, and placing undue pressure on the head, causing hypoxic injury.

Plaintiff's claims are unavailing, and without record support. Defendant demonstrated prima facie the absence of malpractice by submitting, inter alia, hospital records and deposition testimony that show that the maternal pelvis was examined on multiple occasions to ascertain whether vaginal delivery was safe, including determining the pelvis's precise type, as described by plaintiff's expert. Moreover, there is no

medical evidence of hypoxia, as the infant was born with normal Apgar scores, and an MRI, performed four years later, detected no abnormalities (*see Fernandez v Moskowitz*, 85 AD3d 566, 568 [1st Dept 2011]; *compare Anyie B. v Bronx Lebanon Hosp.*, 128 AD3d 1, 7 [1st Dept 2015] [objective medical tests indicated intracranial abnormality and early signs of delay]). The record refutes the opinion of plaintiff's expert, Dr. Edelberg, that defendants departed from the standard of care (*see Roques v Noble*, 73 AD3d 204, 207 [1st Dept 2010]).

The opinion of plaintiff's other expert, Dr. Chen, that he need not rebut the normal MRI evidence, since defendants failed to show that the "relatively mild damage" would be seen, is no more than "bare conjecture" (*see Callistro v Bebbington*, 94 AD3d 408, 410 [1st Dept 2012], *affd* 20 NY3d 945 [2012]), insufficient to defeat defendants' entitlement to summary judgment. Concur—Friedman, J.P., Sweeny, Saxe, Richter and Kahn, JJ.